## Alston v. Outboard Marine Corp.

*Robert W. Deer,* for plaintiff.

*Andrew J. Banyas III,* for defendant Outboard Marine Corp.

*Kenneth J. Nolan,* for defendant Johnson Outboard Marine Corp. and West Penn Boat Sales Co.

WETTICK, *J.,* February 18, 1991—This is a product liability action brought by a boat operator who was struck by the engine's lower unit and propeller after he fell out of the boat.

Plaintiff retained an outside expert in anticipation of litigation (Robert J. Swint) who prepared an "analysis report" of the accident in which he concluded that the design of the boat's motor/throttle system was defective because it did not have a "kill switch" or a "lower unit propeller guard" and that either of these devices would have prevented or reduced plaintiff's injuries. In response to interrogatories, plaintiff furnished a copy of the expert's "analysis report" to defendant Outboard Marine Corporation.

Through a series of interrogatories, this defendant has requested plaintiff to provide technical information "known to plaintiff or his representatives." The interrogatories ask, inter alia, whether plaintiff or his representatives have information concerning governmental regulations pertaining to protective guard systems, persons who designed protective guard systems for outboard and stern driven propellers prior to the accident, the identity of manufacturers or distributors of protective guards systems, the existence of photographs depicting protective guard systems, literature discussing the use of protective guard systems, the costs of a protective

guard system, how the protective guard system could be employed without substantially impairing the performance of the motor, test data reflecting the testing of protective guard systems, and persons using protective guard systems. Defendants also asked plaintiff, based on information known to plaintiff or his representatives, to explain the basis for plaintiff's claims that defendant had the expertise and experience to design and install a technically feasible protective guard system on outboard motors, and that plaintiff's injuries would have been prevented or reduced if a protective guard system had been employed. Plaintiff's response to each of these interrogatories was that he has no knowledge concerning these matters and that Robert J. Swint, the expert for plaintiff, may have information.

Defendant contends that plaintiff's expert is plaintiff's representative and that in answering defendant's interrogatories, plaintiff must provide any information that is known to his representatives. Defendant cites this court's opinion in *Carter v. Leonard,* 130 Pitts. L.J. 39 (1981), in which we held that a corporation may not respond to interrogatories simply by referring the party submitting the interrogatories to a corporate employee who has the relevant information. We said that a corporation must furnish information that is known or readily available to a reliable corporate employee and involves a matter within the employee's competence unless the corporation has a reasonable basis for questioning the accuracy of the employee's information. Defendant also cites Rule 4003.1(c) which provides that it is not a ground for objection that the information sought involves an opinion or contention that relates to a fact or the application of law to a fact.

Defendant's argument would perhaps be meritorious if the representative of plaintiff who has information which the interrogatories seek was not an expert whom plaintiff retained in anticipation of litigation. In the present case, plaintiff's only basis for refusing to furnish any information known to Mr. Swint is that this information, according to plaintiff, is protected by Rule 4003.5 which provides in relevant part:

### "Rule 4003.5—Discovery of expert testimony. Trial preparation material.

"(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions of Rule 4003.1 and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

"(1) A party may through interrogatories require

"(a) any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and

"(b) the other party to have each expert so identified by him state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the interrogatories may file as his answer a report of the expert or have the interrogatories answered by his expert. The answer or separate report shall be signed by the expert.

"(2) Upon cause shown, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate."

The right of a party to obtain information from a specially retained expert that another party expects to call as a witness at trial through interrogatories directed to that other party is specifically addressed by Rule 4003.5(a)(1).* The party seeking discovery may require the other party to identify this expert and to have the expert "state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." Defendant's interrogatories are outside the scope of this rule because they are not limited to information concerning the anticipated testimony of the expert. The interrogatories, instead, ask for any information known to the expert.

Defendant apparently contends that Rule 4003.5 addresses only discovery seeking information concerning the expert's testimony. Consequently, the restrictions of Rule 4003.5 do not apply to interrogatories requesting information known to plaintiff through its expert as opposed to interrogatories seeking information concerning his expert's testimony.

This position is contrary to the language and purposes of the discovery rules. Rule 4003.1 provides that the right it gives a party to obtain discovery regarding any matter which is relevant to the subject matter involved in a pending action is

---

* Defendant's motion to compel discovery is not based on Rule 4003.5(a)(2). Defendant has made no effort to establish "cause" that would permit a court to order discovery beyond the scope of Rule 4003.5(a)(1). Compare *Benson v. Dorko,* 35 Cumberland L.J. 231 (1984) (en banc); *Kern v. Chambersburg Hospital,* 9 Franklin 69 (1986), *Snyder v. Witt,* 17 Lycoming 171 (1987) (each holding that a party may decline to supply "cross-examination" information respecting that party's expert when the expert is "specially retained" pursuant to Rule 4003.5).

"[s]ubject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011." Subsection (a) of Rule 4003.5 states that facts and opinions held by a specially retained expert that would be "otherwise discoverable under Rule 4003.1 . . . may be obtained as follows: . . ." It is clear from this language that the discovery described in Rule 4003.5 is the only discovery of a specially retained expert that is permitted.

In *Monteiro v. Dow Chemical,* 19 Phila. 221, 233 (1989), Hon. Bernard J. Avellino, Supervising Judge of Discovery for the Common Pleas Court of Philadelphia, described the discovery scheme of Rule 4003.5:

"The only discovery that is allowed as a matter of right are interrogatories, and these are expressly limited to the discrete subjects described in Rules 4003.5(a)(1)(a) and (b). Supplemental discovery from an expert is only available by stipulation between the parties, or *after* a successful application to a judge who *first* must be satisfied that there is 'cause shown.'" (footnotes omitted)

Judge Avellino opined that the primary reason for the discovery restriction was to curb litigation expenses. "[T]he cost of communicating with experts . . . is usually substantial." *Id.* at 235. Frequently, there is a substantial discrepancy among the parties in the financial resources available to prepare these cases for trial. If the discovery of specially retained experts is not curbed, "[t]he parties with the deepest pockets would get all the expert discovery they want. Those with little or no means will get what they can afford." *Id.* at 237.

Also see *Kern v. Chambersburg Hospital, supra,* where Hon. John R. Walker rejected plaintiff's argument that it could obtain discovery from defen-

dant's specially retained expert through rules of discovery other than Rule 4003.5:

"Plaintiff attempts to bootstrap Rule 4003.5 with Rule 4001.5 that is, any information not within the scope of Rule 4003.5 falls back into the liberal sweep Rule 4001.5. If this were true, almost any conceivable information concerning an expert witness would be discoverable. This belies the intent of Rule 4003.5 which is to *limit* Rule 4003.1." *Kern* at 72.

Our holding in this case is narrow. We hold only that interrogatories seeking supplemental information known by a specially retained expert who is expected to testify at trial are not permitted under Rule 4003.5(a)(1). Defendant's motion to compel discovery does not raise issues concerning the adequacy of the expert report and the right of a party to seek additional information concerning "the substance of the facts and opinions to which the expert is expected to testify" or a clearer and more detailed "summary of the grounds for each opinion." These issues have been thoughtfully addressed in the opinion of Judge Avellino in *Monteiro v. Dow Chemical, supra.*

### ORDER OF COURT

On February 18, 1991, it is hereby ordered that defendant's motion to compel plaintiff to answer interrogatories concerning the information known to his specially retained expert is denied.